**30**

**In the Matter of Perry COMMODORE, Bankrupt.**

**No. 12108–B–4.**

United States District Court
D. Kansas.

June 1, 1966.

———◇———

Robert L. Boyce, Jr., Kansas City, Kan., for bankrupt.

Hugh E. Brownfield, Kansas City, Kan., for trustee.

Donald F. Price, Kansas City, Mo., and Albert E. Grauberger, Kansas City, Kan., for creditor.

## MEMORANDUM AND ORDER CONFIRMING REFEREE'S ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This is a petition for review of the referee's order refusing to revoke the bankrupt's discharge. The question certified by the referee is:

"* * * (W)hether or not the sum of $5,703.80 severance pay received by Perry Commodore in October, 1964, was an asset of his estate at the time he filed his petition in voluntary bankruptcy on August 14, 1964. Armour claims it was an asset and failure to disclose it was fraud warranting the revocation of the granted discharge. The fuling [sic] by the Referee was otherwise."

The facts, briefly, are as follows: On August 14, 1964, the bankrupt filed his voluntary petition in bankruptcy. He did not list any accrued separation pay among his assets. The contract of employment provided for payment of separation pay if the worker was terminated under certain circumstances, and not for just cause. The Armour plant was to be closed, and in October, 1964, the bankrupt elected to terminate his employment rather than to move to another city. The discharge was granted on November 17, 1964.

Armour Employees Credit Union, a creditor of the bankrupt, moved for revocation of the discharge on the ground that the bankrupt should have listed the severance pay as an asset, and that when received, it should have been delivered to the trustee.

The parties seem to agree that the date of filing is the cut-off date; thus, the question is whether the separation pay was an asset of the bankrupt on that day.

In a petition for review, the referee's findings of fact will be accepted unless they are clearly erroneous. Washington v. Houston Lumber Co., 310 F.2d 881 (10th Cir. 1962). In this case the referee found that the payment of severance pay is the sole responsibility of the employer; is based solely on length of service, with no contribution by the employee; and is payable only upon termination of employment under circumstances set forth in the contract. After August 14, 1964, if the bankrupt had been discharged for cause, or under other circumstances related in the contract, there would have been no separation pay due him by the company. These findings by the referee are supported by the evidence, and are not clearly erroneous.

From these facts it is evident that the pay was not vested in the bankrupt at the date of filing. In 4 Collier, Bankruptcy ¶ 70.34, p. 1287, it is stated:

" * * * Where the right to compensation is contingent on an event that does not occur until after bankruptcy, moreover, the trustee has been denied any interest in earnings eventually received by the bankrupt notwithstanding the fact that they represented payment for services performed wholly or in part before bankruptcy. [Citing cases]."

That is the case here. The event which had not occurred was the bankrupt's termination under such circumstances as to entitle him to the separation pay. If he had been discharged for cause, or otherwise been ineligible, there would have been no pay forthcoming. A fund thus contingent upon future happenings is not required to be listed as an asset of the bankrupt estate.

Petitioner contends that separation pay is not "wages or compensation" so as to be subject to the above rule of law. However, it is apparent that the pay is compensation of a sort, at least to the extent that it is paid by the employer to the employee generally for services performed. Section 19.3 of the employment con-tract defines separation allowance in the following terms: "Separation Pay *is earned* during periods of employment with the Company * * *." I believe that the pay in question is subject to the above rule of law.

Because the separation pay was not part of the bankrupt's estate on the date of filing, it was not fraudulent for him not to list it as an asset. It follows that the discharge was proper and should not be revoked.

The order of the referee denying the motion to revoke the order discharging the bankrupt is confirmed.